UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5632 PSG (VBKx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | Robert Alvarado, *et al.* v. City of Los Angeles | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**   Order DISMISSING all Plaintiffs, except for Plaintiff Robert Alvarado, from this action.

    Before the Court is Plaintiffs' – 57 police officers who worked for the Los Angeles Police Department ("LAPD") – Response to the Court's Order to Show Cause ("OSC") why the Court should not dismiss all Plaintiffs other than the first-named Plaintiff, Robert Alvarado, due to improper joinder. Dkts. # 9, 10. After considering Plaintiffs' Response, the Court finds that Plaintiffs have not established that joinder is proper, and dismisses all Plaintiffs except for Plaintiff Robert Alvarado from the action.

I.    Background

    Plaintiffs filed this lawsuit on July 21, 2014 against Defendant City of Los Angeles ("Defendant") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Dkt. # 1. Specifically, Plaintiffs allege that Defendant failed to compensate Plaintiffs for overtime work they performed during meal breaks, before and after scheduled shifts, and time spent on certain time-sensitive tasks. *See Compl.* ¶¶ 22-29.

    Plaintiffs were previously part of two opt-in FLSA actions that were decertified because the plaintiffs were "not similarly situated with respect to [their] off-the-clock claims." *See Compl.* ¶ 11; *May 21, 2014 Order, Alaniz v. City of Los Angeles,* CV 04-8592 GAF (AJWx) (C.D. Cal. May 21, 2014); *May 21, 2014 Order, Mata v. City of Los Angeles*, CV 07-6782 GAF (AJWx) (C.D. Cal. May 21, 2014) (together, "Collective Action Orders").

    On August 13, 2014, the Court issued an OSC ordering the Plaintiffs to show cause why joinder of the Plaintiffs was proper. In its Order, the Court noted that although Plaintiffs "alleged, in a conclusory fashion, that the Rule 20(a)(1) [was] met" they did not address the "contrary discussion in *Alaniz* and *Mata*." *August 13, 2014 OSC*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5632 PSG (VBKx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | Robert Alvarado, *et al.* v. City of Los Angeles | | |

Plaintiffs filed a Response to the Court's OSC on September 3, 2014. *See* Dkt. # 10. In their Response, Plaintiffs assert that joinder is proper because they were subjected to the same series of occurrences while working "under the Office of Special Operations, within the Detective Bureau and at the **Metropolitan Division**." *Response* 7:11-13, 12:4-7 (emphasis in original).

II.     Legal Standard

Federal Rule of Civil Procedure 20(a)(1) provides that plaintiffs may join together in one case if:

> (A)     they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)     any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). Under Rule 20(a), the court must determine whether Plaintiffs' claims arise from the same transaction or occurrence, meaning that the plaintiffs' claims share a similar factual background. *See Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

III.    Discussion

Plaintiffs argue that they were subject to a common series of occurrences and share common facts as required by Rule 20 for the following reasons: (1) they were all subject to the terms set forth in the collective bargaining agreement between Defendant and the Los Angeles Police Protective League ("LAPPL"), (2) they were all subject to the LAPD's policy regarding meal periods and off-the-clock work, and (3) "[a]ll plaintiffs . . . would have reported to and been supervised by the same deputy chief and commander at the Detective Bureau and would have been further supervised by the same Captain II or III at the Metropolitan area precinct." *Response* 7:20-8:12 (citations omitted). For the reasons stated below, the Court disagrees.

That Plaintiffs were all subject to the same terms in the collective bargaining agreement and the same overtime policies does not establish that their claims share a similar background for purposes of Rule 20. *See* Fed. R. Civ. P. 20(a); *Coughlin*, 130 F.3d at 1350. When examining evidence for decertification purposes in *Alaniz* and *Mata*, Judge Feess found that the "only department-wide policy [was] the unambiguous written directive that bars officers from working off-the-clock for any period of 6 minutes or more, and requires that such time be accurately

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5632 PSG (VBKx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | Robert Alvarado, *et al.* v. City of Los Angeles | | |

recorded." *Collective Action Orders* 8.  Plaintiffs do not contest this.  In fact, they submit evidence showing that the "LAPD maintained a central policy across the board for compensation including an 8 hour and 45 minute workday with a 45-minute period allocated for meal periods" which did not violate the FLSA.  *Response* 9:6-9 (citations omitted). Plaintiffs' claims are premised, then, on a violation of the FLSA-compliant policy that Judge Feess found to exist within the LAPD.  When faced with a written policy that abides by the FLSA, "the individual conduct of each supervisor must be assessed to determine whether an FLSA violation has occurred." *Collective Action Orders* 6; *see Lindow v. United States*, 738 F.2d 1057, 1060-61 ("'[A]n employer who knows or should have known that an employee is or was working overtime' is obligated to pay overtime.") (citations omitted). Therefore, to meet the standard for joinder, Plaintiffs must show that their claims – which depend on their supervisors' knowledge of FLSA violations – arise out of the same occurrences and transactions.  *See* Fed. R. Civ. P. 20(a)(1).

Plaintiffs' argument that their claims arise out of the same occurrences because they were all in the same division is also unavailing.  Just as plaintiffs in *Alaniz* and *Mata* were not similarly situated for purposes of collective action certification, Plaintiffs here fail to show that their claims share a similar background. Many of the factual findings that  convinced Judge Feess that *Alaniz* and *Mata* should be decertified also convince the Court that Plaintiffs should not be joined, irrespective of Plaintiffs' attempt to address Judge Feess's concerns by bringing a lawsuit based on Plaintiffs' employment in the Metropolitan Area precinct.

As explained above, the crux of Plaintiffs' FLSA claims is that their supervisors knew about all of the FLSA violations with respect to each Plaintiff.  Plaintiffs seem to argue that their claims arise out of the same occurrence and transaction because they were all supervised by the same deputy chief and by the same Captain II or III.  *Response* 8:6-12.  They also include testimony from Mr. Paysinger, Assistant Chief of the Office of Operations, proving that "sign-ins were handled station by station" and that when he was commander of the South Bureau he "was responsible for the [sic] ensuring all of the officers under him were in compliance with the LAPD's compensation policies." *Response* 8:27-9:2 (citations omitted).   Plaintiffs also write that Chief Parks, who served as LAPD Chief of Police from 1997 to 2002, "confirms that the local supervisors and captains are responsible for the application of the FLSA in their particular divisions or locations." *Response* 9:3-11.  These facts do not address Judge Feess's finding that "[t]he deployment of officers is such that different supervisors may be on duty at the beginning and end of any officer's shift." *Collective Action Orders* 6.  So, even within the same office, other supervisors – not just the deputy chief or Captain II or III – supervised Plaintiffs throughout their employment at the Metropolitan Area precinct.  *See Response Ex. B, Deputy Chief Mark Perez Decl.* ¶¶ 9, 11 ("Perez Decl.") ( "Underneath a Captain I are the ranks of Lieutenant, Sergeant and Police Officer, and depending on the shift in question a Lieutenant or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5632 PSG (VBKx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | Robert Alvarado, *et al.* v. City of Los Angeles | | |

Sergeant may be the highest ranking officer on duty at an area/station at a given point in time" and "[t]he ranks of Lieutenant and Sergeant are considered and commonly called 'supervisors.'"). Plaintiffs' have not shown that their claims are predicated on the same occurrences – that is, they have failed to show that they reported to the same set of supervisors throughout the statutory period.

Further, the different circumstances that allegedly led to Plaintiffs' claims go beyond Plaintiffs having different supervisors. The Complaint, itself, highlights that Plaintiffs were not similarly situated with respect to the different tasks for which they were allegedly uncompensated. While some of the uncompensated time seems to pertain to all of the Plaintiffs – like time spent preparing arrest or preliminary investigation reports – some seems to pertain to only some Plaintiffs. *See Compl.* ¶ 15. For example, Plaintiffs allege that Sergeants were not compensated for "roll call preparation," but it is unclear whether all Plaintiffs held the rank of Sergeants at the Metropolitan Division during the statutory period. *See Compl.* ¶ 16. Plaintiffs also aver that "Plaintiffs who, in addition to their normal assignments and obligation, worked specialty details such as SWAT, canine, motorcycle traffic officers and other duties which require donning and doffing at the worksite, are entitled to be compensated under the law for their time in connection with such activities." *Compl.* ¶ 21. Joinder is not appropriate because Plaintiffs had varying uncompensated tasks for which they claim FLSA violations. *See Coughlin*, 1304 F.3d at 1350 (finding that a common allegation of delay did not create a common transaction or occurrence because delays varied in some instances from case to case).

Plaintiffs also argue that "dismissing all but the first-named plaintiff . . . will lead to judicial inefficiency." *Response* 10:3-5. Specifically, they claim that joinder is warranted because "the vast majority of discovery for each of the plaintiffs . . . will be substantially the same as they all worked in the same division, performed the same type of job duties and reported to the same set of supervisors." *Response* 10:15-18. The Court disagrees. First, although Plaintiffs worked in the same division, the Complaint, itself, shows that Plaintiffs had different job duties. Second, Plaintiffs have made no showing that there were a limited set of supervisors to whom Plaintiffs reported.

Joinder would not prevent judicial inefficiencies; rather, joining Plaintiffs would cause judicial inefficiency and frustrate the purposes of Rule 20(a) – "to promote judicial economy, and reduce inconvenience, delay, and added expense." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *see League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F 2d 914, 917 (9th Cir. 1977) ("The primary purpose [of Rule 20(a)] is to promote trial convenience and to prevent multiple lawsuits."). In addition to the varying factual circumstances described above, the defenses available to Defendants – whether supervisors were aware of a particular Plaintiff's off-the-clock work, whether particular activities were compensable, whether time spent on these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5632 PSG (VBKx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | Robert Alvarado, *et al.* v. City of Los Angeles | | |

activities was *de minimus*, and whether particular supervisors acted in good faith – would be litigated on an individual basis. *See Smith v. T-Mobile USA, Inc.*, 2007 WL 2385131, at *8 (C.D. Cal. Aug. 15, 2007) (finding that these defenses "must, by their nature, be individualized"). Moreover, joinder would cause judicial inefficiency because "[t]esting other aspects of Plaintiffs' claims-such as that some of their unpaid work was never recorded-would entail additional individualized attention, including depositions of managers and co-workers, because by definition such lost time is not documented." *Id.*

The purposes of Rule 20(a) are not served when the claims are similar in nature or share some commonalities but are predicated on distinct factual scenarios. In such a case, the joinder of multiple parties decreases judicial economy and efficiency, rather than promoting it, because it requires the court to view each claim in "a separate and individual light." *Coughlin*, 130 F. 3d at 1351 (severing claims of 49 individual plaintiffs that were similar but based on distinct factual scenarios). Here, because Plaintiffs were supervised by different individuals, have different ranks, have varying overtime claims, and are subject to individualized defenses, joining Plaintiffs would result in each Plaintiff having multiple supervisors and co-workers testifying at trial. Judge Feess's experience in *Nolan v. City of Los Angeles*, CV 03-2190 GAF is telling. In *Nolan*, Judge Feess held an exemplar trial "of four different plaintiffs who asserted off-the-clock claims" and the record revealed that those four plaintiffs, "held three different ranks, worked in nine different stations and each for multiple superior officers" during the relevant time period. *Collective Action Order* 5-6. The trial "took eight days to try and involved 20 witnesses, 14 of whom were called by the City." *Id.* While the Court acknowledges that this case is limited to Plaintiffs that worked in one division, the Court finds that joinder would lead to inefficiencies because Plaintiffs are of varying ranks, were supervised by different individuals, and are claiming differing violations.

Joinder is improper because Plaintiffs have failed to demonstrate that their claims arise from the same occurrences and transactions under Rule 20(a); further, joinder is also improper because it would lead to judicial inefficiency.

IV.     Remedy for Improper Joinder

When parties are misjoined, the Court may dismiss the misjoined parties. *See* Fed. R. Civ. P. 21; *Coughlin,* 130 F.3d at 1351 ("If the test for permissive joinder is not satisfied . . . the court can generally dismiss all but the first named plaintiff without prejudice."). Therefore, the Court finds it appropriate in this case to dismiss all Plaintiffs except the first named Plaintiff, Robert Alvarado.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5632 PSG (VBKx) | Date | October 27, 2014 |
|---|---|---|---|
| Title | Robert Alvarado, *et al.* v. City of Los Angeles | | |

V.　Conclusion[1]

　　For the foregoing reasons, the Court DISMISSES WITHOUT PREJUDICE all named Plaintiffs except Robert Alvarado.

　　**IT IS SO ORDERED.**

---

　　[1]On October 23, 2014, Plaintiffs filed a Request for Judicial Notice requesting that the Court take Judicial Notice of a Ninth Circuit opinion in *Jack Jimenez v. Allstate Ins. Co.* (Case No. 12-56112, Sept. 3, 2014), which was filed over a month ago on September 3, 2014. Dkt. # 20.  The case is inapplicable and does not change the Court's analysis.